# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIIL ACTION NO. 3:16-CV-809-FDW-DCK

FOODBUY, LLC,

    Plaintiff,

v.

GREGORY PACKAGING, INC.,

    Defendant.

**AMENDED PROTECTIVE ORDER**

It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents, and excerpts from documents supplied by the Parties to each other in response to discovery requests in this matter, and also shall apply to documents produced by third parties pursuant to subpoena (collectively "Responding Party"):

1.    Counsel for any Responding Party may designate any document or information contained in a document, or all or part of a deposition transcript, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the Responding Party. Counsel for either of the Parties may apply such confidential designation to any document or information produced by a third party. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (and is referred to herein as "Confidential Information").

2.    Unless otherwise ordered by the Court, or otherwise provided for herein, any information produced in this litigation will be held and used by the entity receiving such information solely for use in connection with the above-captioned action.

3.    Information or documents designated as "Confidential" shall not be disclosed to any person, except:

a. The requesting party and counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts to the extent deemed necessary by counsel;

d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparing for his/her testimony and may not retain the confidential information; and

e. The Court or the jury or as exhibits to motions.

4. Information designated as "Highly Confidential" shall be limited to documents produced by Foodbuy in response to GPI's Document Production Request Numbers Three (3), Four (4), Five (5), Fifteen (15) or documents for which both parties consent to the designation. Highly Confidential documents shall not be disclosed to any person, except:

a. Counsel (whether outside counsel or in-house counsel) for the requesting party;

b. Employees of outside counsel assigned to and necessary to assist in the litigation;

c. Consultants or experts to the extent deemed necessary by counsel;

d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information designated as Highly Confidential if they were already party to such information ; and

e. The Court or the jury or as exhibits to motions; provided that a motion to seal is made before the filing and, if not yet ruled upon, that the documents not be filed pending the outcome of such motion.

5. In the event a party challenges a Responding Party's confidential designation, counsel shall make a good faith effort to resolve the dispute. In the absence of a resolution, the challenging party may thereafter seek resolution by the Court.

6. Nothing in this Protective Order constitutes an admission by any party that any information produced in this matter is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law.

7. It is the understanding of the Parties that any documents that become part of an official judicial proceeding or are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

8. At the conclusion of this litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

9. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

IT IS SO ORDERED.

Signed: September 5, 2017

David C. Keesler
United States Magistrate Judge