UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00809-FDW-DCK

| | |
|---|---|
| FOODBUY, LLC, | ) |
|     Plaintiff, | ) |
| vs. | )    ORDER |
| GREGORY PACKAGING, INC., | ) |
|     Defendant. | ) |

THIS MATTER is before the Court on Defendant Gregory Packaging, Inc.'s Motion to Dismiss (Doc. No. 42) and the parties' cross-motions for Partial Summary Judgment (Docs. Nos. 44, 46). The parties have fully briefed the motions, and, after review, the Court did not schedule oral argument since the facts and legal contentions are adequately presented in the materials before this Court, and argument would not aid the decisional process. For the reasons that follow, the Court GRANTS Defendant's Motion to Dismiss and DENIES both Motions for Partial Summary Judgment.

In its motion to dismiss Plaintiff's claim related to overcharges, Defendant argues Plaintiff lacks standing because the damages, if any, sought under this claim belong to Committed Customers, and Plaintiff cannot show how it is injured or entitled to relief as a matter of law. Indeed, Plaintiff seems to recognize as much, as the Complaint states, "Foodbuy discovered that *Committed Customers[] paid higher prices* for the Products than those permitted" by the contract between Foodbuy and Gregory Packaging. (See Doc. No. 1, p. 5, ¶¶ 22-24) (emphasis added). Plaintiff's requested relief on its overcharging claim asserts that "Foodbuy is entitled to a refund of the higher prices charged by Gregory Packaging." Id., ¶ 24. Plaintiff has presented neither

1

sufficient evidence nor applicable legal authority showing it is entitled to recover for any overcharging by Defendant, or another entity, to Committed Customers. Accordingly, Plaintiff has not shown how it has standing to recover these damages.

Therefore, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, any claims to recover for overcharging are hereby dismissed without prejudice. In so ruling, the Court declines to specify the limitations of dismissal of this claim on Plaintiff's ability to present evidence of damages for unpaid allowances, unpaid growth incentives, or interest owed under the agreement. While Plaintiff does not have standing to recover for injuries caused by alleged overcharging to Committed Customers, evidence related to such overcharging may be relevant at trial to establish the other damages Plaintiff allegedly suffered. The Court will consider the evidence and its relevance as it is presented.

The Court notes Plaintiff's response in opposition to the motion to dismiss requests, as an alternative to dismissal, leave to add an additional party to this lawsuit. Recognizing the standards set forth in Rule 15(a)(2) of the Federal Rules of Civil Procedure, as well as applicable case law, such amendment at this late date, only a few weeks from a trial on the merits, would be extremely prejudicial to Defendant. Accordingly, Plaintiff's request for leave to amend is DENIED.

Finally, the Court has reviewed both Plaintiff's and Defendant's Motions for Partial Summary Judgment. The parties' briefs and exhibits attached thereto, as well as their respective pleadings in opposition to the motions, make clear that genuine disputes of material facts exist, such that no party is entitled to judgment as a matter of law on the remaining claims and counterclaims in this case. Summary judgment based on the record before the Court is not appropriate at this stage, and the Court can resolve such factual disputes and make appropriate

conclusions of law after hearing all the evidence during the bench trial in this matter. Both Plaintiff's and Defendant's Motions for Partial Summary Judgment are DENIED.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 42) is GRANTED as explained herein. The parties' Motions for Partial Summary Judgment (Docs. Nos. 42, 44) are DENIED.

IT IS FURTHER ORDERED that trial shall begin in this matter on Monday, February 5, 2018, in Courtroom #1-1 of the Charles R. Jonas Building. The parties shall have 15 hours (7.5 hours per party) to present trial-quality evidence and argument to the Court on their respective claims, counterclaims, and defenses thereto.

IT IS FURTHER ORDERED that the parties' joint pretrial submissions in accordance with this Court's standing orders and the Case Management Order in this case shall be due February 1, 2018. Because this is a bench trial and in light of the Court's understanding of this case following review of the parties' dispositive motions, the Court finds that no pretrial conference is necessary.

IT IS SO ORDERED.

Signed: January 22, 2018

_Frank D. Whitney_
Frank D. Whitney
Chief United States District Judge